STATE OF CONNECTICUT *v.* EDWARD NORFLEET

REVIEW DIVISION OF THE SUPERIOR COURT

Decided February 7, 1968

*Joseph H. Weisman,* of Waterbury, for the defendant.

*Walter M. Pickett, Jr.,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, seventeen years of age, pleaded guilty to robbery with violence and was sentenced to an indefinite term at the Connecticut reformatory. The statutory penalty for robbery with violence is imprisonment for not more than twenty-five years. General Statutes § 53-14.

On July 29, 1967, at about 10:30 o'clock in the evening, the defendant and another participant, who is still at large, sat on a stone wall across from a grocery store in Waterbury with a thirteen-year-old youth for about ten minutes. They showed the youth a pocket knife and told him that they were going to rob the owner. They went in the store and asked for beer. The owner said it was too late and refused to sell. They argued and then left the store when a customer came in. Subsequently, they returned and pulled out a pocket knife, forced the owner into the back room, and took the store keys from his pocket. They then punched the seventy-three-year-old owner, knocked him to the floor and took $60 from his pocket and $29 from the cash register. Two hours later the defendant was apprehended. Upon a search, a pocket knife similar to the one described by the victim was found in the defendant's pocket.

Although this is the defendant's first adult conviction, as a juvenile he was involved in criminal activities a number of times and twice placed on probation, the last offense being breaking and entering and damage to private property.

The court considered the eligibility of the defendant for probation, but after a careful review of the circumstances decided that "it is necessary in cases like this to have the public feel that the law is trying to protect the law-abiding segment of the city." The Division agrees. The crime of robbery with

violence is such that probation must be denied except in unusual cases. This is not such a case, in view of the violence involved and defendant's prior juvenile activities. The sentence must stand. It is affirmed.

HEALEY, BARBER and WALL, Js., participated in this decision.